UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

RAFAEL ARROYO, JR.,

        Plaintiff,

    v.

KARIM MEHRABI, STARS HOLDING
CO., a California Limited
Liability Company; AND DOES 1-
10,

        Defendants.

No. 2:19-cv-1147-WBS-CKD

MEMORANDUM AND ORDER RE:
PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT

----oo0oo----

        Plaintiff moves for summary judgment in this disability access action under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, and the Unruh Civil Rights Act ("Unruh Act"), California Civil Code §§ 51-53.  (Docket No. 40.)[1]

        The undisputed facts are as follows.  Plaintiff is a

---

[1]   The motion was scheduled to be heard on February 22, 2022, but because of incurable problems with the Zoom connection, the court took the motion under submission without oral argument.

1

1 paraplegic who uses a wheelchair for mobility. (Defs.' Resp. to

2 Pl.'s Statement of Uncontroverted Facts ("PSUF") at No. 1 (Docket

3 No. 41-4).)  On December 2, 2018, plaintiff visited the Gas

4 Station at 4507 Howard Road, Westley, California. (Id. at Nos.

5 2, 6.)  Defendant Mehrabi has owned and defendant Stars Holding

6 has leased and operated the Gas Station at all relevant times in

7 this suit, including today. (Id. at Nos. 4-5.)

8         Plaintiff needs parking with an access aisle to safely

9 deploy his vehicle ramp. (Decl. of Rafael Arroyo ("Arroyo

10 Decl.") ¶ 6 (Docket No. 40-3).)  Without an accessible aisle,

11 plaintiff runs the risk of getting struck by another car or

12 having another vehicle park next to him and block him from re-

13 entering. (Id. ¶¶ 7, 9.)  When he arrived at the Gas Station on

14 December 2, 2018, plaintiff alleges he did not find any parking

15 space designated for persons with disabilities. (Id. ¶ 4.)  Nor

16 did he find any parking space with an adjacent access aisle or

17 signage indicating disabled parking. (Id.)[2]  Plaintiff alleges

18 that defendants violated the ADA by not providing an ADA-

19 complaint accessible parking space, restroom mirror, and toilet

20 paper dispenser.[3]

21      _____

        [2]   Plaintiff notes that it appeared that there used to be
22  an accessible parking space in the parking lot, however, the
    surface markings seemed faded or paved over. (Arroyo Decl. ¶ 5.)
23

24      [3]   Plaintiff did not actually enter the restroom at the
    Gas Station, and therefore, did not personally encounter the
25  restroom mirror or the toilet paper dispenser.  Nevertheless, the
    Ninth Circuit allows "[a]n ADA plaintiff who has standing as a
26  result of at least one barrier . . . [to] challenge all barriers
    in that public accommodation that are related to his or her
27  specific disability."  Doran v. 7-Eleven, 524 F.3d 1034, 1047
    (9th Cir. 2008).  Here, it is undisputed that plaintiff
28  personally encountered the alleged inaccessible parking.  The

                                    2

1   I.  ADA Liability

2       A.   Inaccessible Parking

3           Any business that provides parking spaces must provide

4   them in accordance with the ADA Accessibility Guidelines

5   ("ADAAG").  36 C.F.R, pt. 1191, App. B § 208.1.  For parking lots

6   with one to 25 parking spaces, it is required that there is one

7   accessible parking space.  Id. at § 208.2.  Because the Gas

8   Station had "around 15 parking spaces," defendants were required

9   to include one accessible parking space.  (See Decl. of Tim

10  Wegman ("Wegman Decl.") ¶ 4 (Docket No. 40-5).)  The accessible

11  parking spot must comply with specific measurements, 36 C.F.R.,

12  pt. 1191, App. D § 502, and be properly identified with required

13  markings and signage.  Id. at § 502.3.3, 502.6.

14          Plaintiff has submitted photographs of the parking lot

15  taken by his investigator on December 22, 2018.  (See Pl.'s Mot.

16  for. Summ. J., Ex. 4, 12-17 (Docket No. 40-6).)  The photographs

17  do not show an accessible parking space in the Gas Station

18  parking lot.  Defendants have also submitted photographs, taken

19  by an employee of the Gas Station in 2015, showing a designated

20  accessible parking space.  (Decl. of Azad Amiri ("Amiri Decl.") ¶

21  8 (Docket No. 41-1)); (Id., Ex. B, photos of parking space

22  (Docket No. 41-3).)  Plaintiff's submitted photos do not show a

23  clear, close-up of the area which defendants' photos capture.

24  (See Pl.'s Mot. for. Summ. J., Ex. 4, 12-17.)  The contradicting

25

26  restroom mirror and toilet paper dispenser are barriers related
    to plaintiff's paraplegic status.  Accordingly, plaintiff also
27  has standing to challenge the restroom mirror and toilet paper
    dispenser under the ADA.

28

photo evidence provided by the parties creates a genuine dispute of material fact as to whether an accessible parking space existed at the time of plaintiff's visit to the Gas Station.

Further, plaintiff's own declaration creates a genuine dispute of material fact.  Plaintiff claims he "did not find any parking space designated for use by persons with disabilities." (Arroyo Decl. ¶ 4.)  However, in the next paragraph, plaintiff states that "[i]t appeared that there used to be an accessible parking space" but that it was faded or paved over.  (Id. ¶ 5.) It is not clear from plaintiff's statements whether no designated spot for persons with disabilities existed, or whether the spot existed but was not properly identified using visible markings and signage.  Therefore, the court cannot determine as a matter of law whether an accessible parking space needs to be created, or whether the accessible parking space exists but needs to be "maintained" in a usable manner.  See 28 C.F.R., pt. 36, App. C § 36.211 ("[a] public accommodation shall maintain in operable working condition those features of facilities . . . that are required to be readily accessible to and usable by persons with disabilities").[4]

Accordingly, plaintiff's motion for summary judgment on the ADA claim for accessible parking will be denied.

---

[4]    Plaintiff also states that he "chose to leave without attempting to further patronize the Gas Station."  (Arroyo Decl. ¶ 10.)  As part of the same declaration, plaintiff submits a copy of his receipt from the Gas Station visit.  (Id., Ex. 2.) Plaintiff provides no explanation for how he patronized the Gas Station when he claims no accessible parking existed and he chose to leave.

1         B.    <u>Restroom Mirror</u>

2               Pursuant to the ADAAG, "mirrors located above

3 lavatories or countertops shall be installed with the bottom edge

4 of the reflecting surface 40 inches [] maximum above" the floor.

5 36 C.F.R., pt. 1191, App. D § 603.3. Photos taken by plaintiff's

6 investigator show a mirror located above a sink in the restroom,

7 meaning the mirror's bottom edge must be no higher than 40 inches

8 from the floor. (<u>See</u> Pl.'s Mot. for. Summ. J., Ex. 4, 4.) One

9 of these photos includes a measuring device at the bottom edge of

10 the mirror and reads 55 and 1/4 inches. (<u>Id.</u> at 5.) Defendants

11 do not offer any evidence that the bottom edge of the mirror was

12 40 inches or less from the floor. Lowering of the mirror is also

13 "readily achievable" as it will not require much of defendants'

14 resources. <u>See</u> 42 U.S.C. § 12182(b)(2)(A)(iv).

15               There is no genuine dispute of material fact pertaining

16 to the height of the mirror. Plaintiff has proven that

17 defendants failed to comply with the ADA requirement for mirror

18 height. Accordingly, the court will grant partial summary

19 judgment for plaintiff on the issue of ADA liability for the

20 restroom mirror.

21         C.    <u>Toilet Paper Dispenser</u>

22               The ADAAG requires that toilet paper dispensers be

23 seven to nine inches in front of the toilet fixture "measured to

24 the centerline of the dispenser." 36 C.F.R., pt. 1191, App. D §

25 604.7. Plaintiff claims, based on a photo of a measurement taken

26 by his investigator, that the toilet paper dispenser was mounted

27 at 21 inches in front of the toilet fixture. (Pl.'s MSJ at 12.)

28 Defendants do not offer any evidence or argument that plaintiff's

1   measurement is incorrect.  Modification of the distance of the

2   toilet paper dispenser from the toilet fixture is also "readily

3   achievable" as it will not require much of defendants' resources.

4   See 42 U.S.C. § 12182(b)(2)(A)(iv).

5          As no genuine dispute of material fact exists regarding

6   the toilet paper dispenser, and plaintiff has shown that

7   defendants failed to comply with the ADA requirement for toilet

8   paper dispensers, the court will grant partial summary judgment

9   for plaintiff on the issue of ADA liability for the toilet paper

10  dispenser.

11  II.  Unruh Civil Rights Act

12         The Unruh Act provides in relevant part that every

13  person is "entitled to the full and equal accommodations,

14  advantages, privileges, or services in all business

15  establishments of every kind whatsoever" notwithstanding his or

16  her disability.  Cal. Civ. Code § 51(b).  "A violation of the

17  right of any individual under the federal Americans with

18  Disabilities Act of 1990 shall also constitute a violation of

19  [the Unruh Act]."  Cal. Civ. Code § 51(f) (internal citations

20  omitted).

21         Plaintiff does not allege a violation of the Unruh Act

22  independent from his claims under the ADA. (Compl. at 7.)  As

23  discussed above, there are genuine issues of material fact

24  regarding plaintiff's ADA claim for inaccessible parking.

25  Therefore, the court will not grant summary judgment for

26  plaintiff on his Unruh Act claim based on an inaccessible parking

27  violation.

28         Unlike the ADA, under the Unruh Act, for every alleged

violation plaintiff must "personally encounter[] the violation" or be "deterred from accessing a place of public accommodation on a particular occasion." <u>See</u> Cal. Civ Code §55.56(a-b). The record does not establish that plaintiff personally encountered the restroom mirror or the toilet paper dispenser. The record also does not establish that plaintiff was deterred from accessing the Gas Station due to knowledge of the restroom violations because plaintiff did not become aware of the violations until his investigator visited the restroom weeks later, after which plaintiff did not attempt to visit the Gas Station on "a particular occasion." <u>Id.</u>

Therefore, the court cannot grant summary judgment for plaintiff on his Unruh Act claim based on the restroom mirror or toilet paper dispenser violation.

IT IS THEREFORE ORDERED that plaintiff's motion for summary judgment (Docket No. 40) be, and the same hereby, is GRANTED IN PART on the issue of liability on plaintiff's ADA claim based upon inaccessibility of the restroom mirror and toilet paper dispenser. The final judgment in this action will include an injunction requiring defendants to provide an accessible restroom mirror and toilet paper dispenser.

IT IS FURTHER ORDERED that in all other respects plaintiff's motion for summary judgment be, and the same hereby is, DENIED.

Dated:  February 23, 2022

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE